IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHERRION POLLARD POINTER,

    Plaintiff,

v.                          No. 12-1292

CORRECTIONS CORPORATION OF
AMERICA and WHITEVILLE CORRECTIONAL
FACILITY,

    Defendants.
_____

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
_____

*INTRODUCTION AND BACKGROUND*

This matter was brought by the Plaintiff, Cherrion Pollard Pointer, on December 20, 2012 against Corrections Corporation of America ("CCA"), Whiteville Correctional Facility ("WCF") and John Doe Corrections Officer alleging state law claims of negligent and intentional infliction of emotional distress and negligent supervision. (D.E. 1.) On March 11, 2013, Defendants CCA and WCF moved for dismissal of Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Pointer failed to correctly assert grounds for jurisdiction based on diversity of citizenship. (D.E. 6.) In response, Plaintiff conceded that the allegations contained in her complaint were "not fully exhaustive" and that the complaint should be amended. (D.E. 7.) Plaintiff's amended complaint was filed on May 20, 2013. (D.E. 15.) That same date, the Court denied Defendants' motion to dismiss the original complaint on mootness grounds. (D.E. 16.) On June 3, 2013, the Defendants moved to dismiss the amended complaint. (D.E. 17.) When the Plaintiff failed to respond, the Court entered an order directing her to show cause why the amended

complaint should not be dismissed for failure to prosecute. (D.E. 19.) On July 19, 2013, Pointer filed her response to the motion.

*ASSERTIONS OF THE PARTIES' CLAIMS AND ANALYSIS*

ADA Claim.

The amended complaint contains a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") not included in the original pleading. The Plaintiff's ADA claim arose from a December 24, 2011 visit with her son, a WCF inmate. The complaint alleged that a corrections officer, in response to a long line of visitors waiting to use the restroom, unlocked the restroom door, exposing for all to see the elderly and handicapped Pointer as she sat on the toilet, her pants and undergarments around her ankles. The Defendants seek dismissal of the claim on statute of limitations grounds.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." "In order to survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's] complaint need contain only 'enough facts to state a claim to relief that is plausible on its face.'" Paige v. Coyner, 614 F.3d 273, 277 (6th Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[T]he district court must construe the complaint in the light most favorable to the plaintiff and must accept all the factual allegations contained in the complaint as true." Id. (citing Lambert v. Hartman, 517 F.3d 433, 439 (6th Cir. 2008)).

There is no federal statute of limitations for ADA claims. Brockman v. Texas Dep't of Criminal Justice, 397 F. App'x 18, 21 (5th Cir. 2010). Thus, courts faced with such claims have looked to the forum state's statute of limitations for personal injury actions. Lewis v. Fayette Cnty.

Det. Ctr., No. 99-5538, 2000 WL 556132, at *2 (6th Cir. Apr. 28, 2000). In Tennessee, actions for injury to the person must be filed within one year after the cause of action accrued. *See* Tenn. Code Ann. § 28-3-104(a)(1); Williams v. Trevecca Nazarene Coll., No. 97-5705, 1998 WL 553029, at *1 n.2 (6th Cir. Aug. 17, 1998) (noting that § 28-3-104(a)(1) applied to ADA claims in Tennessee). Accordingly, the ADA claims contained in Plaintiff's amended complaint, filed some seventeen months after the alleged incident, are time-barred.[1]

Subject Matter Jurisdiction.

The Plaintiff's remaining state law claims are before the Court pursuant to diversity jurisdiction. (D.E. 15 ¶ 1.) Title 28 U.S.C. § 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between citizens of different States." "It is well settled that as a matter of statutory construction, diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side." Glancy v. Taubman Ctrs., Inc., 373 F.3d 656, 664 (6th Cir. 2004) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996)), *reh'g en banc denied* (Aug. 27, 2004). Defendants seek dismissal of the state law claims on the grounds that diversity is not complete.

In her amended complaint, Pointer alleged that she is a resident of Tennessee, that WCF is a Tennessee state prison that contracts with CCA, and that CCA is a Maryland corporation. (D.E. 15 ¶¶ 5-7.) Defendants argue that, while CCA is incorporated under the laws of Maryland, its principal place of business is located at 10 Burton Hills Boulevard in Nashville, Tennessee and, therefore, it is a Tennessee resident.

---

[1] For the same reasons, any ADA claim against the John Doe Defendant is also untimely.

Section 1332 provides that, for purposes of the statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state *where it has its principal place of business . . .*" 28 U.S.C. § 1332(c)(1) (emphasis added). Thus, "[f]or purposes of diversity jurisdiction, a corporate has dual citizenship -- its state of incorporation and its principal place of business." City of Albion v. Guaranty Nat'l Ins. Co., 35 F. Supp. 2d 542, 546 (W.D. Mich. 1998). The United States Supreme Court, in Hertz Corp. v. Friend, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010), stated that

> "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

Hertz Corp., 559 U.S. at 92-93, 130 S. Ct. at 1192.

Although the Plaintiff alleged in her original complaint that CCA's principal place of business was the Nashville address claimed by the Defendants, in her amended pleading, she averred that CCA was a "Foreign Corporation" based on the fact that it identified Maryland as its jurisdiction on a certificate of merger filed with the Tennessee Secretary of State. At best, the document supports Plaintiff's assertion that CCA was incorporated in Maryland, which the Defendant does not deny. It does nothing, however, to establish that CCA's principal place of business is in a state other than Tennessee. Because Plaintiff has failed to show that the parties herein are of diverse citizenship, the motion to dismiss her state law claims is GRANTED. *See* Restaco, Inc. v. AMI Reichert, LLC, 356 F. Supp. 2d 835, 839 (N.D. Ohio 2005) (where plaintiffs could not meet their burden of showing that defendant's principal place of business was anywhere other than Ohio and,

4

thus, that diversity existed, dismissal was appropriate).

*CONCLUSION*

For the reasons articulated herein, the Defendants' motion to dismiss is GRANTED and this matter is DISMISSED in its entirety.

IT IS SO ORDERED this 22nd day of August 2013.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE